UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHEAL J. PARISH
    Plaintiff,

-v-

Dr. Chess, ROBERT ARMOUR, DONALD ENLOE, MICHEAL GORMAN, and JOHN VARGA, all are sued in their individual and official capacity.
    Defendants.

Case No: 17-50097

Hon.

FILED
MAR 29 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

Pursuant to Rule 65(a), Fed. R. Civ. P., Plaintiff Micheal J Parish requests this court to grant him a Temporary Restraining Order and Preliminary Injunction. The reasons therefor are set forth in ~~[scratched]~~ this motion and supported by plaintiff's Declaration, Memorandum of Law, and Supporting Exhibits. The plaintiff respectful states the following:

1. The defendants has intentionally interfered with my psychiatrist recommendation concerning my housing situation, in that they refuse to honor his single cell designation.

2. The defendant has retaliated against the plaintiff for inquiring about the refusal to house him in a single cell designation.

3. The plaintiff was written false disciplinary reports for questioning defendant Armour's decision not to honor his single cell accommodation.

4. The plaintiff has been told by defendant Armour to prove to him that he need single cell designation by assaulting his cellmates.

5. Defendants Dr. Chess, former Warden Enloe, current Warden Varga, and Superintendent Gorman all have turned a blind eye in reports of inadequate mental health treatment and grievance procedure.

6. Plaintiff self injures to cope with double cell placement and is suffering from homocidal ideations. This information has been told to the defendants and nothing has happen.

7. Defendants are planning to transfer plaintiff from the special treatment unit at Dixon to a general population setting without addressing the issues that landed him there. Plaintiff is designated as being seriously mentally ill.

8. Plaintiff should not be transferred before his mental health issues are under control.

WHEREFORE Plaintiff's motion for TRO and preliminary Injunction should be granted. See Declaration and Memorandum in Support of this motion

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISOIN

MICHEAL J. PARISH
  Plaintiff,

V.

DR. JAMIE CHESS, DONALD ENLOE, MICHEAL GORMAN, ROBERT ARMOUR, and JOHN VARGA, all are sued in their individual and official capacity.
  Defendants.

Case No.

Hon.

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARARY INJUNCTION

Micheal J. Parish States:

  1. I am the plaintiff in this case. I make this declaration in support of my motion for a temporary restraining order and a preliminary injunction to ensure that I receive mental health care and reasonable accommodation.

  2. As set forth in the complaint in this case, I was transferred to Dixon CC. Specialized Treatment center to be admitted

to the residential treatment unit due to: severe anxiety, chronic self injury, interpersonal deficit disorder, and major depression.

3. On December 31, 2015, Dr.Marquez told me that he would be recommending me for single cell designation due to traumatic experiences from two prison sexual assaults, and my inability to cope with my mental health disorders in double-cell situations.

4. Dr.Marquez further told me that Dixon staff doesn't like to honor his recommendations for single placement. He also informed me that I might have to go on crisis watch and act out to get "them" to honor the single cell status.

5. On January 18, 2016, Dr.Marquez wrote a recommendation to be linked to my treatment plan stating "at this point he probably cannot [be] celled with other inmates due to trauma and interpersonal deficits."

6. On February 3, 2016, I was moved from a single cell to a to a double cell by defendant Robert Armour. Defendant Armour-- a lieutenat at the time for STC--sent me to room restriction for question the reasons why I was moved from a single cell to a double cell, and written a false disciplinary report in retaliation.

7. In April of 2016, I spoke with defendant Robert Armour required me to prove to him that I need single cell placement by assaulting my cellmates, "once you fuck up a few cellies then we'll talk about a single cell."

8. I have informed all defendant that I severe trauma from being sexually assauled in 2002 and 2008 by cellmates. That I

self injure in order to cope with anxiety, flashbacks, nigthmars, and homocidal ideations. I have made this clear through letters, conversation with members of therapeutic services, and grievances. I have not received an adequate response to my concerns, no treatment or concern about my acts of self injury and homocidal ideations regarding my cellmates. All defendants are aware that 4 cellmates have reqested to be moved from the cell with me, 1 of the 4 walked himself to room restriction.

9. On information and belief, I have not been provided with a single cell accommodation because there is an informal policy at Dixon to giving low priority to the mental health needs of STC prisoners' and of refusing to provide them with adequate mental health care and retaliating against them.

10. I am suffering irreparable harm in the form of continued physical and mental pain and suffering, and an increase risk of harm to self and others.

11. Defendant John Varga is the Chief Administrative Officer at Dixon and is responsible for the entire operation of Dixon, including STC.

12. Defendant Michael Gorman is the Superintendant of the Specialized Treatment Center (STC) at Dixon, and is responsible for the entire operation of STC.

13. Defendant Dr. Jamie Chess is the Psychologist Administrator and is responsible for the administrative decisions concerning the mental health of prisoners' at Dixon, including STC.

14. Together, these defendants have the responsibility for providing the plaintiff with the necessary mental health treatment and reasonable accommodations as well as the ability to the arrange it.

15. In addition, the plaintiff was seen by the Admission Review Board on 3/7/17. The Admission Review Board is a committee that assess the placement of every prisoner housed in STC, to see if they are ready for a general population setting. It was determined by the committee that I would be transfered to a general population setting--without addressing the issues and concerns that brought me here to the residential treatment unit of Dixon STC.

This push by the administration to transfer was made after I told defendant Michael Gorman that I would be enacting a civil action against him. I have requested for transfer 4 times and was denied 4 times, but after my threat to sue, I was put up for transfer immediately.

I still have issues with chronic self-mutilation, manic depression, and thoughts of doing harm to others. And if the defendants are allowed to transfer me before my issues are therapeutically addressed the effects could be devastating.

16. For the reasons set forth in the memorandum of law filed with this motion, the plaintiff is entitled to temporary restraining order requiring the defendants to put a hold on my transfer, to arrange for plaintiff to be placed on single cell designation, for an examination and a plan of treatment by a qualified mental health specialist, and to preliminary

injunction requiring the defendants to carry out the plan of treatment.

17. In support of this motion, declaration, and memorandum of law I have attached Exhibits A-H in order to highlight my points.

18. For the foregoing reasons, the court should grant the plaintiff's motion in all respects.

Pursuant to 28 U.SC.§ 1746, I declare under penalty of perjury that the foregoing is true and correct.

[Date]: 3/7/17

[Name and Address]: MICHEAL J.PARISH    2600 N.Brinton Ave

*/signature/*    Dixon, IL 61021

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHEAL J. PARISH
    Plaintiff,

-v-                                    Case.

DR. JAMIE CHESS, ROBERT      Hon.
ARMOUR, DONALD ENLOE,
MICHAEL GORMAN, and JOHN
VARGA, all are sued in
their individual and
official capacity.
    Defendant.
/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF"S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### Statement of the Case

This is a civil rights action brought under 42 U.S.C. para.1983 by a state prisoner whose being denied mental health treatment and reasonable accommodations. The plaintiff seeks a temporary restraining order and a preliminary injunction to ensure that he receives adequate mental health care and reasonable accommodations.

### Statement of Facts

As stated in the declaration submitted with this motion, the plaintiff was denied adequate mental health care and denied reasonable accommodations and recommendations of treating psychiatrist. (Dec. at para 1-9) The plaintiff has been suffering from interpersonal deficit, chronic self mutaliation, severe anxiety, and homocidal ideations. (Dec. at 2) The defendants did interevene or prvide the plaintiff with a single cell as recommended by his psychiatrist, or treatment to with his symptoms.

(1)

(Dec. at para. 8) The plaintiff is experiencing dangerous mental health symptoms. (Dec. at para. 10)

## ARGUMENT
## POINT 1

### THE PLAINTIFF IS ENTILED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factor: whether the Party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

### A. The Plaintiff is Threaten with Irreparable Harm

The plaintiff alleges that he has been denied care for a serious medical need contrary to a physician's recommendation. Such conduct by prison officials is a clear violation of the Eight Amendment. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976) (noting that "intentionally interfering with the treatment once prescribed" is a form of unlawful deliberate indifference)

As a matter of law, the continuing deprivation of constitutional rights constitues irreparable harm. Elrod v. Burns, 427 U.S. 347, 373, 96 S Ct. 2673 (1976); American Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009). This principle has been applied to prison lit-

igation genernally, see Jolly v. Coughlin, 76 F.3d 468, 482 (2th Cir. 19996); Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984); McClendon v. City of Albuquerque, 272 F.Supp.2d 1250, 1259 (D.N.M. 2003), and specifically in prison medical cases. Phillips v. Michigan Dep't of Corrections, 732 F.Supp. 792, 801 (W.D.Mich. 1990), aff'd, 932 F.3d 969 (6th Cir. 1991).

In addition, the plaintiff is threatened with irreparable harm because of the instability of his mental state. If he does not receive proper treatment immediately, the effects may be devastating. Courts have also held that when a prisoner's treating physicians recommend a course of action, and officials (even higher level medical administrators) ignore that recommendation, the result is not a mere disagreement over medical treatment but can be deliberate indifference. Johnson v. Wright, 412 F3d 398, 406 (2d Cir. 2005); Comstock v. McCrary, 273 F.3d 693, 709 (6th Cir. 2001)(Psychologist's failure to follow up on indications of suicidality supported deliberate indifference claim.

The plaintiff is also threatened with irreparable harm concerning his housing situation Madrid v. Gomez, 889 F. Supp. 1146, 1221 (N.D.Cal. 1995) (lack of input by mental health staff concerning housing decisions even where they impact mental supported deliberate indifference finding).

B. <u>The Balance of Hardships Favors the Plaintiff</u>

In deciding whether to grant TRO's and preliminary injunction, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See, e.g., Mitchell v.

(3)

Cuomo, &48 F.2d 804, 808 (2d Cir. 1984)(holding that dangers posed by prison crowding outweighed state's financial and administrative concerns); Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986)(holding that prisoners' interest in safety and medical care outweighed state's interest in saving money by cutting staff).

In this case, the present suffering of the plaintiff and the potential futuring suffering is enormous, and have nothing to do with a financial hardship, but only the unwillingness to accommodate his mental health needs. Crawford v. Indiana Dep't of Corrections, 115 F.3d 481, 486 (7th Cir. 1997) ("Rights against discrimination are among the few rights that prisoners do not park at the prison gates"; prisoners "have the same interest in access to the programs, services, and activites available to the other inmates of their prison as disable people on the outside have to the counterpart programs, services, and activities available to free people.")

The "sufferings" the defendants will experience if the court grants the order will consist of taking the plaintiff from a double-cell to a single-cell within the same facility, and providing him with the mental health treatment that would adequately address his mental symptoms and diagnosis, which has already been recommended by a mental health provider. The defendants' hardship amounts to no more than business as usual.

C. The Plaintiff is Likely to Succeed on the Merits

The plaintiff has a great likelihood of success on the merits. What defendants have done--"intentionally interfering with [medical] treatment once prescribed"--was specifically singled out

(4)

by the Supreme Court as an example of unconstitutional "deliberate indifference" to prisoners' medical needs. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). Many other courts have held that the failure to carry out physicians' orders in unconstitutional. See, e.g., Johnson v. Wright, 412 F.3d 398, 406 (2d Cir. 2005)(denial of Rebetron therapy for Hepatitis C contrary to the recommendations of all the plaintiff's treating physicians); Lawson v. Dallas County, 286 F.3d 257, 263(5th Cir. 2002)(disregard for follow-up care instructions for paraplegic); Lopez v. Smith, 203 F.3d 1122, 1132(9th Cir. 2000)(en banc)(failure to provide prescribed liquid diet for prisoner with a broken jaw, and substitution of a pureed diet that could not be drunk through a straw, stated a claim of interference with prescribed treatment); Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996)(denial of prescription eyeglasses sufficiently alleged deliberate indifference); Erickson v. Hollway, 77 F.3d 1078, 1080-81(8th Cir. 1996)(officer's refusal of emergency room doctor's request to admit the prisoner and take x-rays); Aswegan v. Bruhl, 965 F.2d 676, 677-68 (8th Cir. 1992)(failure to honor doctor's orders and refrain from cuffing the plaintiff's hands behind his back); Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir. 1991)(nurse's failure to perform prescribed dressing changed).

D. The Relief Sought Will Serve the Public Interest

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, especially the Constitution. Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008); Duran v.

(5)

Anaya, 642 F.Supp. 510, 527 (D.N.M.1986)("Respect for the law, particularly by officials responsible for the administration of the State's correctional system, is in intself a matter of the highest public interest."); Llewelyn v. Oakland County Prosecutor's Office, 402 F.Supp. 1379, 2393 (E.D. Mich. 1975)(stating "the Constitution is the ultimate expression of the public interest.").

## POINT II

### THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c), Fed.R.Civ.P. However, the plaintiff is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Elliott v. kiesewetter, 98 F.3d 47, 60 (3d Cir. 1996)(stating that district courts have discretion to waive the bond requirement contained im Rule 65(c) of the Federal Pules of Civil Procedure if "the balance of the[] equities weighs overwhelmingly in the favor of the party seeking the injunction"); Moltan Co. v. Eagle-Pitcher Industries, Inc., 55 F.3d 1171, 1176 (6th Cir.1995). In view of the serious nature of the plaintiff's mental health condition, and the dangers to self and others, and the defendants' total diregard for the plaintiff's well-being, the court should grant the relief requested without requiring the posting of security.

## CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety. *Please see Exhibits A-H in support of this motion.*

Name: Micheal Parish    Address: 2600 N. Brinton Ave
/s/ Micheal Parish                Dixon, IL 61021

(6)

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER

Upon the supporting declaration of the plaintiff and the accompanying memorandum of law it is ORDERED that defendants Dr. Jamie Chess, Michael Gorman, and John Varga show cause in room of the United States Courthouse, 211 S. CourtStreet, Rockford, IL 61101, on the day of_____, 2017, at_____, o'clock, why a preliminary injunction should not issue pursuant to Rule 65(a), Fed.R.Civ.P., enjoining the said defendants, their successors in office, agents, and employees and all other persons acting in concern and participation with them, to provide a therapeutic appropriate mental health evaluation, a single cell designation, and hold on any transfer from Dixon STC.

IT IS FURTHER ORDERED effective immediately, and pending the hearing and determination of this matter, defendants Chess, Gorman, and Varga shall arrange for the plaintiff to be evaluated by a qualified mental health specialist and to obtain from that specialist an adequate evaluation of the mental health condition of the plaintiff and a treatment plan consistent with his mental health condition and diagnosis.

IT IS FURTHER ORDERED that this order to show cause, and all other papers attached to this application, shall be served on defendants Chess, Gorman, and Varga by,_____,2017, and the United States Marshals Service is hereby directed to effectuate such service.

_____

United States District Judge

[Date]: